UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS DANILO MATUTE,

*Plaintiff*,

– against –

1421, CORP., JAMALL 1 CORP. *d/b/a* THE MEAT PLACE, *and* PETER SILLS *and* STANLEY LORMESTIL, *as individuals*,

*Defendants*.[1]

**ORDER**
25-cv-01177 (NCM) (MMH)

**NATASHA C. MERLE**, United States District Judge:

This Court has received the Report and Recommendation ("R&R") dated August 7, 2026, from the Honorable Marcia M. Henry, United States Magistrate Judge. ECF No. 42.[2] No objections have been filed.

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also Park v. Kim*, No. 20-cv-02636,

[1] The case caption has been revised to remove defendant Nostrand II Meat Corp. d/b/a The Meat Place, which has been terminated from this action. *See* Docket Entry dated Jan. 22, 2026.

[2] The Court notes that the R&R contains typographical errors. Because all calculations and applications of the law are correct, the Court points out the errors only for accuracy and clarity: (1) The opinion adopting the report and recommendation in *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-cv-06792, 2024 WL 4184485, at *3 (E.D.N.Y. Sep. 14, 2024) is available at 2024 WL 4355485 (E.D.N.Y. Sep. 30, 2024) and not 2024 WL 4355488, *see* R&R 6. (2) Local Civil Rules 55.1 and 55.2 outline the procedural requirements for seeking default judgment, not Rule 55, *see* R&R 9. (3) The correct citation to New York's spread of hours law is 12 N.Y.C.R.R. § 142-2.4, not 12 N.Y.C.R.R. § 142-3.4, *see* R&R 21. (4) The burden to properly record an employee's hours belongs to the employer, not the employee, *see* R&R 26.

2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). Where no timely objections have been filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *Finley v. Trans Union, Experian, Equifax*, No. 17-cv-0371, 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (quoting *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)).

Having reviewed the record, I find no clear error. I therefore adopt the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, plaintiff's motion for default judgment, ECF No. 37, is granted in part and denied in part. Default judgment shall be entered against defendants Jamall 1 Corp. d/b/a The Meat Place and Stanley Lormestil.

Plaintiff shall be awarded the following damages: (a) $60.00 in unpaid minimum wages; (b) $33,423.50 in underpaid overtime wages; (c) $4,665.00 in unpaid spread of hours pay; (d) $38,148.50 in liquidated damages; (e) $10,000 in statutory damages for failure to provide wage notices and wage statements; (f) $10,036.71 in pre-judgment interest to increase at a rate of $9.41 per day until the entry of judgment; (g) post-judgment interest as set forth in 28 U.S.C. § 1961; and (h) a 15% increase penalty of any unpaid judgment amount still pending after 90 days following the entry of judgment or 90 days after expiration of the time to appeal and no appeal is pending, whichever is later. Further, plaintiff is granted leave to seek attorneys' fees incurred for the enforcement of the judgment, pursuant to N.Y. Lab. L. § 198(4).

The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 3, 2026
Brooklyn, New York